UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OCEANPRECIUS SHIPPING LTD | * CIVIL ACTION |
| | * |
| VERSUS | *  NO. |
| | * |
| PHAETHON INTERNATIONAL CO. S.A. | * SECTION " " |
| | * |
| | * MAGISTRATE JUDGE " " |
| | * |

**ORIGINAL VERIFIED COMPLAINT**

Plaintiff, Oceanprecius Shipping Ltd. ("Oceanprecius"), by and through its attorneys, Chaffe McCall, L.L.P., respectfully submits its Original Verified Complaint against Defendant, Phaethon International Co. S.A. ("Phaethon") and would show as follows:

1.

Jurisdiction is proper pursuant to 28 U.S.C. § 1333, Rule 9(h) and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. This action is brought pursuant to 9 U.S.C. § 8 for the purpose of obtaining security for an arbitration presently pending in a foreign forum.

2.

Venue is proper in this Court because property in the form of chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, belonging to, due or being transferred to, from, or for the benefit of Phaethon, is currently being held within this

2135992-1

district by T. Parker Host, Inc. local vessel agent for Phaethon. In addition, property in the form of bunkers and marine oil owned by Phaethon are onboard the M/V ENDEAVOUR, a vessel under time charter to Phaethon and currently within the district.

3.

Plaintiff Oceanprecius is a foreign entity organized and existing pursuant to the laws of a foreign country and at all material times was and continues to be the owner of the M/V OCEAN CROWN.

4.

Defendant Phaethon is a corporation organized and existing under the laws of the Republic of Panama.

### The Charter Party

5.

On or about January 11, 2013, Oceanprecius entered into an amended NYPE 1946 charter party and additional clauses with Phaethon, wherein Phaethon agreed to hire the motor vessel OCEAN CROWN ("the Vessel") for a time charter trip via the North Pacific to India and Bangladesh with a duration of 65 to 70 days without guarantee. *See* January 11, 2013 Charter Party, attached as Exhibit A.

6.

Pursuant to the terms of the charter party, Phaethon agreed to pay charter hire at the rate of US $7,100 per day, including overtime, payable in advance every 15 days commencing at the time of delivery until the day of re-delivery.

7.

The charter party contained an arbitration clause providing as follows:

> **Clause 30: Arbitration**
>
> GA/ARBITRATION IN London WITH BIMCO STANDARD ARBITRATION CLAUSE AND ENGLISH LAW TO APPLY
>
> The arbitration shall be conducted in accordance with the London Maritime Arbitration Association (LMAA) terms current at the time when the arbitration proceeding are commenced.
>
> It is hereby agreed that all claims below USD 50,000 excluding interest and costs, shall be settled as per (LMAA) Small Claims Procedure current at the time when the arbitration proceedings are commenced. *See* Exhibit A.

8.

In accordance with the terms of the charter party, Oceanprecius delivered the M/V OCEAN CROWN to Phaethon at 0900 hrs on January 12, 2013, to begin performance under the charter, at which time charter hire as described above commenced to accrue.

9.

At 01100 hrs on May 8, 2013, Phaethon redelivered the M/V OCEAN CROWN to Oceanprecius.

10.

At the completion of the charter period, Oceanprecious issued a Final Statement of Account to Phaethon itemizing the precise amounts due to Oceanprecius under the charter party and showing a credit for all payments made by Phaethon toward those amounts. *See* Final Statement of Account attached as Exhibit B.

11.

As evidenced in the Final Statement of Account, the total amount owed to Oceanprecius during the charter period was US $1,328,593. As of this date Phaethon has paid Oceanprecius US$1,076,226.96 leaving an unpaid balance of $252,366.22. *See* Exhibit B.

12.

Despite due demand, Phaethon has refused to pay the outstanding balance due under the charter agreement. Phaethon has failed to provide any reasonable explanation for its failure to pay the outstanding balance.

13.

On May 22, 2013, Oceanprecius commenced arbitration proceedings against Phaethon in London by appointing its arbitrator. Phaethon appointed its arbitration on May 29, 2013.

**Rule B Allegations**

14.

By this reference, Oceanprecius incorporates all previous allegations as Rule B Allegations as if set forth here *in extenso*.

15.

On the basis of the foregoing allegations, Phaethon is indebted to Oceanprecius in the principal amount of TWO HUNDRED AND FIFTY-TWO THOUSAND THREE HUNDRED SIXTY-SIX and 22/100 in principal, plus interests, costs, and attorney's fees, all of which are recoverable under English law.

16.

Upon information and belief, Phaethon cannot be found within the district or within the jurisdiction of this Court within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims.  However, the M/V ENDEAVOR, a vessel currently within the district, is under time charter to Phaeton.  Phaethon has appointed T. Parker Host, Inc. as its local agent in this district for purposes of facilitating the M/V ENDEAVOR's operations locally.  To that end, Phaethon has provided T. Parker Host, Inc, with funds which are being held within the district.  In addition, the bunkers and marine fuel currently onboard the M/V ENDEAVOUR are also owned by Phaethon and are subject to maritime attachment under Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims to satisfy Oceanprecius' claim herein.

WHEREFORE, Plaintiff Oceanprecius prays:

1. That this Verified Complaint be deemed good and sufficient;

2. That process in due forum of law according to the practice of this Court in cases of admiralty jurisdiction issue against Phaethon citing it to appear and answer under oath all and singular the matters alleged in this Original Verified Complaint, failing which

default judgment be entered against Phaethon in the amount of $252,366.22, plus interest, costs and attorney's fees;

3. That because Phaethon cannot be found within this District and has no agent(s) for service of process in this District, the Court issue an Order directing the Clerk of Court to issue Process of Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all funds owned by Phaethon and currently held by T. Parker Host, Inc. as well as all bunkers, marine fuel, goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other belonging to, due or being transferred to, from, or for the benefit of Phaethon, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

4. That pursuant to 9 U.S.C. §§201 *et seq.* this Court recognize and confirm any arbitration award or judgment in Plaintiff's favor against Phaethon as a judgment of this Court;

5. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

6. That the Plaintiff has such other, further relief as the Court deems just, proper and equitable.

Respectfully submitted,

*/s/ Adelaida J. Ferchmin*

_____
Daniel A. Tadros, T.A. #21906
Adelaida J. Ferchmin #29859
Alan R. Davis, #31694
CHAFFE McCALL L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile:  (504) 585-7075
**Attorneys for Oceanprecius Shipping Ltd.**

**PLEASE SERVE:**

T. PARKER HOST, INC.
365 Canal St., Suite 2500
New Orleans, LA 70130